651 So.2d 418 (1995)
Christopher HURTLE, et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTO INSURANCE, et al., Defendant-Appellee.
No. 94-870.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
Thomas Taylor Townsend, Natchitoches, for Christopher Hurtle et al.
Ronald E. Corkern Jr., Natchitoches, for State Farm Mut. Auto Ins., et al.
John C. Pickels, Alexandria, for USAA.
*419 Before YELVERTON, THOBIDEAUX and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by plaintiffs, Christopher Hurtle, on behalf of the minor child, Jona S. Hurtle, and Bonita Hurtle, from the judgment of the district court dismissing plaintiffs' suit due to plaintiffs' failure to comply with the order of the court rendered September 28, 1993, directing plaintiffs to respond to discovery requests.
This matter arises out of a suit for damages filed by plaintiffs as a result of an automobile accident. Defendant, United Services Automobile Association (USAA), propounded certain discovery requests, and subsequently filed a motion to compel due to plaintiffs' failure to timely respond. A hearing was held and the district judge ordered plaintiffs to respond by October 8, 1993, and also awarded attorney's fees in the amount of $500.00. USAA in its motion to dismiss alleges that on October 8, 1993, counsel for plaintiffs faxed information with regard to the answers to interrogatories but failed to provide the original answers to interrogatories, attachments or signed affidavits. Subsequently on October 28, 1993, plaintiffs' counsel forwarded original answers to interrogatories. However, USAA contends these answers were incomplete and confusing and supporting documentation was not provided. Thereafter, USAA allegedly requested by correspondence to plaintiffs' counsel dated November 30, 1993, January 4, and January 21, 1994, that plaintiffs comply with its discovery requests. USAA admits it was paid the $500.00 in attorney's fees as ordered. Thereafter, the district judge rendered a judgment dismissing plaintiffs' suit on March 8, 1994.
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse. However, dismissal is generally reserved for those cases in which the plaintiff, as well as his attorney, is at fault. The record must support a finding that the failure was due to willfulness, bad faith, or fault. Horton v. McCary, 635 So.2d 199 (La.1994); La.Code Civ.P. art. 1471.
Our review of the record reveals no evidence that the plaintiffs here participated in violating the district judge's discovery order. It appears to this court that USAA is objecting to the fact that the discovery responses were not made under oath pursuant to La.Code Civ.P. art. 1458 in addition to the responses being incomplete. In accordance with Horton, supra, we vacate the judgment of dismissal and remand this case for an evidentiary hearing to determine who was responsible for the failure to comply with the discovery order. If the plaintiffs themselves are innocent parties, no sanctions are to be imposed. To the extent the plaintiffs are determined by the district judge to be responsible for failure to comply with the discovery order, the trial judge may order appropriate sanctions. Criteria to be considered in imposing sanctions are the prejudice to defendant and the willfulness of plaintiffs individually. In addition, the district court must determine whether plaintiffs' counsel failed to comply with its discovery order and determine appropriate sanctions against plaintiffs' counsel.
Costs of appeal are assessed against defendant-appellee.
JUDGMENT VACATED AND REMANDED.