790 So.2d 712 (2001)
O. William REEDER, Jr.
v.
NEW YORK LIFE INSURANCE COMPANY.
No. 01-CA-148.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*713 Steven K. Faulkner, Jr., Harahan, Louisiana, for appellant.
Maura Z. Pelleteri, Diane L. Matthews, New Orleans, Louisiana, for appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Plaintiff Dr. O. William Reeder (Reeder) appeals a judgment of the district court dismissing his cause of action, with prejudice, for failure to comply with court-ordered discovery. Although we find that the trial court was within its discretion to dismiss the case, we hold that to do so with prejudice was error.
On October 8, 1998, Reeder filed a Petition For Disability Insurance Benefits against defendant New York Life Insurance Company (New York) in the Twenty-Fourth Judicial District Court. Reeder alleged that he was insured by New York under a "Premier Disability Income Policy", that he became disabled as defined in that policy, and that despite due proof of his disability and amicable demand, New York had failed to pay the designated benefits.
New York filed a Dilatory Exception of Prematurity and an a Answer, alleging that it had not been given the necessary information with which to make a decision on Reeder's entitlement to benefits. New York later noticed several medical records depositions of various doctors whom Reeder consulted or by whom he was treated.
In September of 1999, New York filed a "Motion To Compel Independent Medical Examination Or Alternatively, For Sanctions". It was alleged that New York had attempted on numerous occasions to have Reeder submit to "independent" medical examinations by a psychiatrist and a psychologist, and that no response was forthcoming from his attorney. New York requested *714 the court to compel Reeder to submit to the tests, or alternatively, to issue sanctions pursuant to La.C.C.P. art. 1471(3), either prohibiting him from introducing evidence of injury, or dismissing the case. At that time, Reeder argued that the issue was whether, under the policy, New York had the right to have Dr. Reeder examined, and whether he had submitted sufficient proof of his disability. At this juncture, we note that the policy itself does not form part of the record on appeal.
Pursuant to this motion, the court ordered Reeder to undergo the requested examinations, at times to be coordinated by the respective counsel for the parties. The Motion For Sanctions was continued without date.
On February 28, 2000, New York filed a Motion and Order For Sanctions, stating that it had again made several attempts to schedule the ordered examinations, without receiving a response from Reeder's counsel. According to the motion, New York then scheduled the examinations to take place in February of 2000, and gave Reeder ample notice of the dates and times, to which terms Reeder agreed. On the day before the first exam was to take place, Reeder's attorney informed New York that Reeder would not attend the scheduled examination. New York again moved the court for an order dismissing Reeder's action for failure to submit to the examinations, and for failure to comply with the court's order. As before, it requested the court in the alternative for an order prohibiting Reeder from introducing evidence of physical and/or mental injury. Attached to the motion were copies of letters sent to Reeder's attorney by New York. In correspondence dated December 30th, 1999, New York stated that it had not heard from Reeder on acceptable dates and asking for him to provide two weeks in February and March when he could attend. A subsequent letter dated January 13, 2000, informed counsel of IME's set up for February 4th, 7th, and 11th In its motion, New York also requested that Reeder be required to pay "no show" fees assessed against it by the scheduled psychiatrist.
In opposition, Reeder asserted that he now lives in California and is in the New Orleans area every six weeks. He averred that he requested counsel to schedule all examinations within one week and with at least thirty (30) days notice, so that he could schedule the IME's with his regular visits. He further urged that he had earlier undergone the written tests scheduled, the results of which were already in the possession of New York. At the hearing, New York stated that written tests in its possession were four years old, and that Reeder was obliged to prove his disability for current benefits. Reeder argued that if New York had paid disability benefits, under the policy terms they could continue to test him. The issue was whether he was disabled at the time suit was filed. (We reiterate that the policy does not form part of the appellate record.)
The court found that submission to the IME's was determinative of Reeder's present condition, and that New York was entitled to those tests. The court granted the Motion For Sanctions and ordered Reeder to reimburse the cancellation and no show fees. It was ordered that counsel work out mutually convenient dates, to take place on or before May 12, 2000 and that if Reeder failed to show up without good cause shown, the case would be dismissed.
On May 22, 2000, New York filed a Motion To Dismiss, averring that following the prior hearing, counsel for the parties agreed to schedule evaluations to take place on May 12th, 15th, and 22nd, 2000. *715 Attached was a copy of a letter from Reeder's attorney dated April 24th, 2000, confirming the appointments. The motion contended that on May 11, counsel for Reeder advised New York that Reeder would not attend the scheduled IME'S. New York urged dismissal with prejudice. Reeder urged a continuation of the Motion to Dismiss on the grounds that he wished his treating psychiatrist to testify at that hearing. That request was denied.
The motion was heard on June 16th, 2000. At that time, Reeder argued that the day before the scheduled IME, he visited his psychiatrist and was in such emotional distress that she advised him not to attend. His refusal to attend was therefore not "willful", but rather was in the nature of his claimed disability. Reeder further argued that New York continued to accept premiums on this policy, and that if sanction was warranted, the matter should not be dismissed with prejudice.
The court dismissed the claim with prejudice, and awarded attorney fees. Reeder appeals, urging that dismissal with prejudice is an extreme sanction and an abuse of discretion.
La.C.C.P. art. 1464 permits the trial court to order a plaintiff to undergo physical or mental examination when his physical or mental condition is in controversy. Reeder has explicitly placed his mental state at issue in this case. Under La. C.C.P. art. 1471(3), failure to comply with an order compelling discovery may result in an order striking out pleadings or parts thereof, staying further proceedings until the order is obeyed, dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
When a court determines the appropriate penalty for disobedience of, or disregard for court orders relating to pretrial procedures, one important consideration is whether the misconduct was by the attorney or the client, or both.[1] Each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders.[2]
It is well established that the court's decision to impose sanctions for failure to comply with a discovery order, as well as its choice of sanctions, will not be reversed absent a clear showing of abuse of discretion.[3]
The Louisiana Supreme Court set forth standards for determining when dismissal or default is appropriate under La.C.C.P. Art. 1471 for failure to abide by a discovery order:[4]
Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders.
The Louisiana rule, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. Because the sanctions of dismissal or default involve property *716 rights, those sanctions are generally reserved for the most culpable conduct.
Federal district courts consider four factors before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault. The record must support `a finding that the failure was due to ... wilfulness, bad faith, or fault.'
In the present case, the matter was not set for trial. However, this suit was filed in November, 1998 for a disability allegedly commencing in September of 1997. From at least August 1999 through May 2000, New York attempted numerous times to have Reeder examined, only to have him either fail to respond or to cancel at the last moment. Reeder characterizes his refusal to cooperate as an inability to comply due to his mental condition, and although we appreciate the nature of his dilemma, we agree that the trial judge simply could not allow him to unilaterally and continuously obstruct the movement of the case to trial.[5]
The failure to respond to New York was the basis of the trial court's order to compel, and its continuation of the Motion for Sanctions. Subsequently, the trial court attempted another less drastic penalty, by declining to dismiss the case after Reeder's first refusal to comply with its order, and requiring him to pay fees for the missed appointments. These efforts were without effect, and it is clear from the record that it was Reeder himself who, for whatever psychological reasons, determined not to comply with these orders. Moreover, there is nothing in the record to support a conclusion that Reeder will be willing or able to submit to an examination in the near future. The record supports a conclusion that Reeder's refusal was willful, and thus, the court did not abuse its discretion in ordering dismissal.
However, due to the ongoing nature of the case and of Reeder's claim, we hold that dismissal should be without prejudice. The judgment on appeal completely dismisses the Petition For Disability Insurance Benefits. Although we are prevented from interpreting the policy, which is not part of the record, according to the transcript Reeder has continued to pay, and New York has continued to accept, premiums on this policy. While Reeder has lost his claim to past due benefits for the period of time encompassed in the original suit, he should not be prohibited from bringing a future action for benefits under the policy for any continuing disability. To dismiss the case with prejudice was an abuse of the trial court's discretion.
For the foregoing reasons, the judgment on appeal is amended, and as amended, affirmed. We affirm the dismissal of The Petition For Disability Insurance Benefits, but amend to dismiss without prejudice. Each party is taxed its own costs on appeal.
AFFIRMED AS AMENDED.
NOTES
[1] Benware v. Means, 99-1410, (La.1/19/2000) 752 So.2d 841, 847.
[2] Id, at 847.
[3] See State of Louisiana Through the Department of Social Services v. Gibson, 611 So.2d 769 (La.App. 4th Cir.1992); Rice v. Sagrera, 95-155 (La.App. 3rd Cir, 5/31/95), 657 So.2d 419, writ denied 95-1657 (La.10/6/95), 661 So.2d 470.
[4] Horton v. McCary, 93-2315, 635 So.2d 199, (La.4/11/94).
[5] See Benware v. Means, supra.