815 So.2d 268 (2002)
Qunston COLEMAN, Edgar Stevenson, Richard Celestine & Tommy Parker,
v.
ASPLUNDH TREE EXPERT CO., John Doe and ABC Insurance Company.
No. 01-CA-1297.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
Lester J. Waldmann, Brian C. Beckwith, Gretna, Louisiana, for Qunston Coleman, Edgar Stevenson, Richard Celestine & Tommy Parker, Plaintiff-Appellants.
*269 Kathy Lee Torregano, Berrigan, Litchfield, Schonekas, Mann, Traina & Thompson, LLC, New Orleans, Louisiana, for Asplundh Tree Expert Co., John Doe and ABC Insurance Company, Defendant-Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from the judgment of the trial court dismissing plaintiffs' petition for failure to comply with a discovery order. For the reasons stated herein, we vacate the judgment of dismissal and remand the case for further proceedings.
Plaintiffs herein, Qunston Coleman, Edgar Stevenson, Richard Celestine, and Tommy Parker, filed this negligence action on September 14, 2000 on the basis of injuries they allegedly received in an automobile accident in September of 1999, involving a vehicle owned by defendant, Asplundh Tree Expert Company. On October 6, 2000, defendant Asplundh filed an answer generally denying the allegations of plaintiffs' petition.
On March 21, 2001, defendant filed a Motion to Compel Discovery Responses alleging that interrogatories and a request for production of documents were propounded on plaintiffs on January 19, 2001, and that plaintiffs had failed to respond to these requests. This matter was heard by the trial judge on April 18, 2001, at which time counsel for plaintiffs appeared. By written judgment dated April 20, 2001, the trial court ordered plaintiffs to comply with the discovery requests within fourteen days of the signing of judgment. This ruling did not provide a penalty in the event plaintiffs failed to comply with the order.
On May 17, 2001, defendant filed a Motion to Dismiss for Failure to Comply with Court Order. Defendant asserted that as of that date, no discovery responses had been provided by plaintiffs, and that more than fourteen days had elapsed since the signing of judgment compelling the responses. On May 18, 2001, the trial court signed an ex parte order dismissing with prejudice the plaintiffs' petition and all claims asserted against defendant. This appeal followed.
On appeal, plaintiffs argue that the trial court erred in ordering the harsh remedy of dismissal with prejudice for failure to respond to discovery where the judgment compelling the discovery did not mention that the case would be dismissed if the order was not complied with and plaintiffs were not given the opportunity to be heard at the Motion to Dismiss. We agree.
La. C.C.P. art. 1471 sets forth the sanctions available against a party failing to comply with discovery orders. That statute provides in pertinent part:
If a party ... fails to obey an order to provide or permit discovery .. the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
(3) An order striking out the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
When a court determines the appropriate penalty for disobedience of, or disregard for court orders relating to pretrial procedures, one important consideration is whether the misconduct was by the attorney or the client, or both. Reeder v. New York Life Ins. Co., 01-148 (La.App. *270 5 Cir. 6/27/01), 790 So.2d 712, 715, citing Benware v. Means, 99-1410 (La.1/19/00), 752 So.2d 841, 847. Each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders. Id. Further, it is well established that the court's decision to impose sanctions for failure to comply with a discovery order, as well as its choice of sanctions, will not be reversed absent a clear showing of abuse of that discretion. Id.
In Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, the Supreme Court stated as follows:
There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court-ordered discovery. Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders.
The Louisiana rule, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. Because the sanctions of dismissal or default involve property rights, those sanctions are generally reserved for the most culpable conduct.
Id., 635 So.2d at 203. (Citations omitted.)
Plaintiffs cite to the case of Helm v. Mervyn's Dept. Store, 97-0547 (La.App. 4 Cir. 8/20/97), 699 So.2d 129, in which the appellate court reversed a judgment of the trial court dismissing plaintiffs' suit for failure to comply with discovery. In that case, a Motion to Compel was set for hearing, and neither plaintiff nor her attorney appeared at the hearing, and the trial court entered an order of dismissal. The Fourth Circuit found that absent an order compelling discovery, there was no basis for dismissal under La. C.C.P. art. 1471(3).
In the present case, the trial court entered an order compelling discovery, but failed to state that the penalty for noncompliance would be dismissal of the action. Upon motion of defendant, the trial court then dismissed the matter by ex parte order without conducting a hearing as to whether plaintiffs complied with the order.
After a review of the record before us, we conclude that the trial court abused its discretion in dismissing plaintiffs' petition for failing to comply with the court order without a hearing and absent any previous indication in the order that the penalty for noncompliance was dismissal of the action. Dismissal of an action is a harsh remedy that should be applied only in extreme circumstances or in cases involving the most culpable conduct. Horton v. McCary, supra, 635 So.2d at 203.
Accordingly, the judgment of the trial court dismissing plaintiffs' petition is vacated. The case is remanded to the trial court for a hearing on whether plaintiffs complied with the court-ordered discovery.
VACATED AND REMANDED.