[.WALTER J. ROTHSCHILD, Judge.
Following a bench trial on the issue of liability, plaintiff appeals from a judgment rendered in favor of defendant, dismissing plaintiffs suit. For the reasons stated herein, we affirm.

Facts and Procedural History

Bruce Tassin filed the instant petition for damages against Crescent Paint and Varnish Company and its insurer alleging that he was injured when he lost control of a floor buffer which he had leased from defendant. Plaintiff alleged that while buffing a hardwood floor with the “Tornado Utility Floor Buffer,” the unit jammed and prevented him from shutting off the device. Plaintiff stated that the buffer pushed him against a wall and knocked him to the ground, causing him to fall on his left elbow and shoulder. Plaintiff alleged that the on/off switch on the buffer was defective and that the defect caused plaintiffs injuries.
1 .Defendant Crescent Paint and Varnish Company and its insurer filed a general denial to this petition, further averring *1045 that plaintiffs injuries were caused by his own negligence.
This matter proceeded to a bench trial on liability alone on October 15, 2003. On November 3, 2003, the trial court rendered a written judgment dismissing plaintiffs petition. Plaintiff filed a motion for new trial which was denied by written judgment on January 30, 2004. This devolutive appeal followed.

Discussion

Plaintiff asserts two arguments on appeal. First, plaintiff contends that the trial court erred in admitting the rental receipt for the buffer into evidence when this document had been withheld by defendant during discovery. Plaintiff contends that the trial court legally erred in his determination that he could not exclude this evidence in the absence of a previous order compelling this evidence. Plaintiff contends that the trial court “misused” his discretion by failing to exercise it.
When a party fails to timely respond to discovery requests, the remedy available to the party who sought the discovery is to apply to the court for an order compelling discovery. La. C.C.P. art. 1469(2). LSA-C.C.P. art. 1471 provides for sanctions when a party fails to comply with an order compelling discovery. Sanctions allowed under article 1471 include:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
| ¿Much discretion is given to the trial court in selecting appropriate sanctions for failure to comply with discovery orders. Hurtle v. State Farm Mutual Auto Insurance, 94-870 (La.App. 3rd Cir.3/1/95), 651 So.2d 418. The appellate court must find a clear abuse of discretion to overturn a judgment granting sanctions. Id.
The parties in this case stipulated prior to trial that the floor buffer at issue in this case was leased from Crescent Paint and Varnish by Desiree Simmons and Bruce Tassin. At trial, counsel for defendants attempted to introduce the rental receipt for the buffer, and plaintiffs counsel objected on the basis that defendants had failed to produce this document despite his repeated discovery requests. The trial court overruled the objection, and stated that there must be an order compelling discovery before the document can be excluded. Plaintiff contends on appeal that the trial court legally erred in reaching this conclusion.
Although counsel for plaintiff stated at trial that he requested a copy of the rental receipt from defendants, the record fails to contain a written discovery request for this document by plaintiff. Further, the record fails to contain a motion to compel defendants to produce this document or an order compelling discovery as is authorized pursuant to La. C.C.P. art. 1469. Absent any type of evidence in the record that the defendants disregarded plaintiffs discovery request or an order of the court requiring discovery, we fail to find that the trial court erred in failing to impose the sanctions set forth in La.C.C.P. art. 1471. Based on the circumstances of this case, we fail to find that the trial court abused its much discretion in admitting the rental receipt into evidence.
By his second assignment of error, plaintiff contends that the trial court erred in imposing a higher burden of proof on plaintiff and in finding |sthat plaintiff had failed to carry this burden of proof. Plaintiff argues that although the trial court *1046 found plaintiff had proven the existence of a defect in the buffer, the trial court also required plaintiff to prove what caused the buffer’s malfunction. Plaintiff contends that it was not necessary to prove the cause of the malfunction, only that the buffer contained a defect.
In its reasons for judgment, the trial court made a factual determination that plaintiff had failed to prove that his injuries were caused by the defect in the switch on the buffer. In its oral reasons for judgment, the court stated as follows:
All right. First of all, after hearing all of the testimony and the evidence and considering the law, the court’s going to make the following ruling. I’ve listened to the testimony, I’ve looked at the exhibits, I’ve actually put hands on the equipment in front of counsel, I’ve looked at the various switches, levers, whatever you may call them, blocks, buttons, they’ve been referred to as different things, and the plaintiff has proved that they have a defect in the equipment, which is unreasonably dangerous for normal use, and there’s a question of whether or not the law is such that defendants have to have notice or not, which probably is not necessary in this case.
However, here’s what I’ve found. I’ve found that the plaintiff has not carried the burden of more probable than not to show that this is the way the accident happened.
* * *
So I believe that the switch as so could not have stuck, especially if plaintiffs testimony is to be believed that he repeatedly squeezed the levers. It would have come back out if it had been stuck. Consequently, plaintiff has failed to carry their burden, and I am going to rule in favor of defense and order that the plaintiffs case be dismissed, each party to bear their own cost.
In his brief, plaintiff asserts that by reaching this conclusion, the trial court required that plaintiff establish the cause of the buffer’s malfunction, in addition to establishing the existence of the defect. Plaintiff argues that | (¡under La. C.C. art. 2695, it is not necessary to prove the cause of the defect; a lessee must prove only the existence of the defect.
However, the record fails to support plaintiffs argument. The trial court did not conclude that plaintiff failed to establish the cause of the buffer’s malfunction; rather, the trial court found that although the machine was defective, the defect did not cause plaintiffs injuries. After a review of the record and applicable jurisprudence, we conclude that the trial court correctly applied the law to the facts of this case and that the testimony and evidence in the record support the trial court’s factual determination.
To recover under statute governing lessor’s liability to lessee for damages caused by vices or defects of leased property, lessee must prove by a preponderance of evidence that a defect existed in the property and that such defect was cause of his damages or losses, and question of cause in fact involves factual determination. LSA-C.C. art. 2695; Driscoll v. Provenzano, 00-1156 (La.App. 5 Cir. 3/28/01), 783 So.2d 552, writ denied, 01-1115 (La.6/1/01), 793 So.2d 201.
Plaintiff Bruce Tassin testified at trial that he is a floor finisher by trade, highly experienced in the operation and use of floor buffers. Plaintiff testified that he leased a floor buffer from defendant and attempted to use it in an upstairs bedroom. Plaintiff stated that he turned the machine on to begin to remove the wax from the floor and the machine became hard to handle because the stripper was becoming *1047 “gummy” in the buffer pads. In an attempt to turn off the buffer, plaintiff released the buttons on both sides of the handle, but the machine continued to run. He attempted to hit the handle to get the machine to stop, but was unsuccessful. Plaintiff tried to push the machine away from him, and he slipped in the stripper which 17covered the floor. Plaintiff admitted that there were no other witnesses to this accident.
Plaintiff stated that his brother came over a few days after the accident and attempted to operate the buffer machine. Plaintiffs brother found that the switches worked well when the handle of the machine was in an upright position, but when the handle was lowered to operate the machine, the buffer continued to run after both of the buttons on the machine had been released. Plaintiff stated his brother had to hit the handle a few times to get the machine to turn off.
Plaintiff also relies on the testimony of Mark Robert, a technician at an electric motor repair shop where plaintiff brought the buffer following the accident. Mr. Robert stated that he examined the buffer, and that when he turned the machine on and lowered the handle, the button got stuck in the handle, and the machine kept running without the switches being depressed.
Both parties introduced expert testimony in this case. Plaintiff submitted the testimony of Michael J. Frenzel who stated that he examined the buffer in question and found that the existence of a homemade wooden block on one of the machines handles became caught in the handle when the machine was operated and prevented it from being shut off. On cross-examination, Mr. Frenzel stated that when he examined the machine, the block jammed as he described, but it was released when it was hit. Mr. Frenzel also testified that his opinion on the buffer’s failure to shut off was a theory and depended on whether plaintiff was telling the truth. He admitted that it is possible that the accident happened another way.
Joseph LaFranca, the defendant’s expert, testified that although possible, it was more probable than not that the button did not stick as claimed by plaintiff.
¡Additionally, the court examined the buffer machine, including the handle and the switch, and the court was able to make its own observations about whether the button became lodged in the handle and the effect of hitting the switch. Based of the trial court’s consideration of testimony and evidence, the court found that even if the switch had become stuck, it would have released if the plaintiff hit the handle as he claimed.
Thus, the trial court made a credibility determination that the accident could not have happened as plaintiff described it. The trial court did not determine as plaintiff argues that plaintiff failed to take an affirmative step to cure the defect. Rather, the trial court found that plaintiffs testimony was not credible, because if he had hit the switch as he claimed, the switch would have become unstuck and the machine would have been shut off.
The trial court’s factual findings and credibility determinations are entitled to great weight and will not be disturbed on appeal absent manifest error. When findings are based on determinations regarding the credibility of witnesses, the manifest error clearly wrong standard demands great deference to the trier of fact’s findings. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989); Schexnayder v. Exxon Pipeline Co., 01-1236 (La.App. 5 Cir. 3/13/02), 815 So.2d 156, 160.
*1048 Although the trial court found that the switch on the buffer machine was defective, the court found that the defect did not cause the accident. The court’s finding of fact is reasonable and is supported by the testimony and other evidence presented at trial. Further, the trial court applied the correct legal standards and burden of proof on the plaintiff, and concluded | flthat plaintiff had failed to meet his burden of proving that the defect in the buffer machine caused plaintiffs injuries.
Under the circumstances presented herein, and after a careful review of the entire record, we conclude that the court’s legal determinations were correct and its factual findings were reasonable and supported by the record. Thus, we find no manifest error in the trial court’s determination that the defect in defendant’s buffer machine was not the cause of plaintiffs accident or injuries.

Conclusion

Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Plaintiff is to bear all costs of this appeal.

AFFIRMED.