996 So.2d 1187 (2008)
Yolanda BLACK
v.
Kimberly COMFORT & State Farm Mutual Automobile Insurance Company.
No. 08-CA-239.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*1188 Laetitia Black, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
Fred M. Trowbridge, Jr., Attorney at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD and GREG G. GUIDRY.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Yolanda Black, appeals a judgment of the trial court dismissing her lawsuit against defendants, Kimberly Comfort and State Farm Mutual Automobile Insurance Company ("State Farm"), with prejudice, due to plaintiff's failure to comply with the June 13, 2007 judgment ordering her to respond to discovery requests by July 13, 2007. For the reasons stated herein, we vacate the judgment of dismissal and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY
On December 29, 2006, plaintiff filed a Petition for Damages, asserting that defendants are liable for the damages she sustained as a result of an automobile accident that occurred on December 29, 2005 on Interstate 10 in Jefferson Parish. On March 1, 2007, defendants filed an Answer generally denying the allegations of plaintiff's petition.
On May 4, 2007, State Farm filed a Motion to Compel Discovery, alleging that interrogatories and requests for production of documents were propounded to plaintiff through her attorney, Laetitia Black, on February 27, 2007, but that plaintiff had failed to respond to the discovery requests. The Motion to Compel Discovery was set for hearing before the trial court on June 13, 2007 at 1:30 p.m. Prior to the hearing on that date, counsel for State Farm sent a proposed consent judgment to counsel for plaintiff which plaintiff's counsel approved. At the scheduled hearing, counsel for State Farm appeared, but counsel for plaintiff did not. The trial judge signed the consent judgment which granted State Farm's Motion to Compel Discovery and ordered plaintiff *1189 to answer the interrogatories, to produce the documents requested, and to execute the medical authorizations propounded previously by State Farm within thirty (30) days and no later than July 13, 2007. The consent judgment did not provide a penalty in the event plaintiff failed to comply with the order.
On August 22, 2007, State Farm filed a Motion to Dismiss for Failure to Comply with Discovery Orders, asserting that plaintiff had never responded to the discovery requests, as ordered by the court in the June 13, 2007 consent judgment, and seeking dismissal of plaintiff's lawsuit for failure to abide by the court's order. This motion came for hearing before the trial court on October 9, 2007, and counsel for State Farm appeared, but there was no appearance on behalf of plaintiff. The trial judge granted State Farm's motion and, on October 18, 2007, the trial judge signed a judgment dismissing plaintiff's lawsuit with prejudice, due to her failure to answer the interrogatories, execute the medical authorizations, or produce the documents requested by State Farm. It is from this judgment that plaintiff appeals.

LAW AND DISCUSSION
On appeal, plaintiff argues that the trial court erred in granting defendant's Motion to Dismiss and in dismissing plaintiff's lawsuit with prejudice. We agree.
LSA-C.C.P. art. 1471 sets forth the sanctions available against a party for failing to comply with discovery orders. This article provides in pertinent part:
If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
In Horton v. McCary, 93-2315, pp. 10-11 (La.4/11/94), 635 So.2d 199, 203, the Louisiana Supreme Court adopted from the federal courts the following four factors to consider before taking the drastic action of dismissal: 1) whether the violation was willful or resulted from an inability to comply; 2) whether less drastic sanctions would be effective; 3) whether the violations prejudiced the opposing party's trial preparation; and 4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. Coleman v. Asplundh Tree Expert Co., 01-1297 (La. App. 5 Cir. 3/26/02), 815 So.2d 268, 270; Hutchinson v. Westport Ins. Corp., 04-1592, p. 2 (La.11/8/04), 886 So.2d 438, 440. However, dismissal of a claim with prejudice, which is the ultimate sanction for a plaintiff, should only be imposed as a last resort or in extreme circumstances, and only after the litigant has been afforded the opportunity to be heard. Whelan v. New Orleans Opera Association/Travelers, 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176, 177; Payne v. Green, 00-1655, pp. 2-3, (La.App. 4 Cir. 8/30/00), 769 So.2d 650, 651. Further, in order to warrant dismissal of a lawsuit as a sanction for disobedience of court-ordered discovery, the record must show that the noncompliance was due to willfulness, bad faith, or fault of the party himself, as opposed to his counsel. Garza v. International Maintenance Corp., 97-317 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1024. If the record does not *1190 contain evidence of the plaintiff's fault, rather than just his counsel's fault, in failing to comply with discovery, the trial court abuses the wide discretion afforded it by the discovery statutes if it grants dismissal of plaintiff's lawsuit. Id.; In re Medical Review Panel, 99-2088, p. 7 (La. App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218.
In the present case, the record reflects that the trial judge signed a judgment on June 13, 2007 ordering plaintiff to respond to the discovery propounded by State Farm by no later than July 13, 2007. Plaintiff admits in her brief that she did not provided responses to the discovery requests to State Farm until October 8, 2007, which is almost three (3) months past the date by which she was ordered to produce them. However, plaintiff asserts in her brief that she did not disobey an order of the court because the trial court did not grant State Farm's Motion to Compel or order her to comply with discovery requests. Rather, she claims that the trial court just acknowledged the consent reached by the parties and she simply failed to submit discovery responses in the time agreed by the parties. We find this argument to be unpersuasive and incorrect. Under Louisiana law, a consent judgment agreed upon by mutual consent of the parties and approved by court is a valid and enforceable judgment that must be obeyed. LSA-C.C. arts. 3071.
We do not condone the failure of a litigant or attorney to respond to discovery orders of the court. Further, we sympathize with the frustration of defense counsel caused by plaintiff's failure to respond to discovery, and we acknowledge that trial judges must have severe sanctions available to deter litigants from ignoring discovery orders. Nevertheless, it is primarily the plaintiff who suffers when a lawsuit is dismissed and, considering the record before us, we find that the trial court abused its discretion in dismissing plaintiff's lawsuit without determining whether or not the failure to respond was the fault of plaintiff, her attorney, or both.
As stated above, in order to warrant dismissal of a lawsuit as a sanction for disobedience of court-ordered discovery, the record must show that the noncompliance was due to willfulness, bad faith, or fault of the party herself, as opposed to just her counsel. Our review of the record in this case reveals no evidence that plaintiff participated in violating the June 13, 2007 consent judgment ordering her to respond to discovery by July 13, 2007. We are mindful that this is a designated record. Even so, there is no evidence that plaintiff herself participated in violating the discovery order, and we find no evidence that the factors set forth in Horton v. McCary for dismissal of a lawsuit have been met.
In Hurtle v. State Farm Mutual Automobile Ins. Co., 94-870 (La.App. 3 Cir. 3/1/95), 651 So.2d 418, the Third Circuit vacated a judgment dismissing a lawsuit for failure to comply with discovery requests, because the record did not show that the plaintiffs themselves, as opposed to just their counsel, participated in violating the discovery order. The Court remanded the case to the trial court for an evidentiary hearing to determine who was responsible for the failure to comply with the discovery order and a determination of what sanctions, if any, were appropriate against plaintiffs and/or plaintiffs' counsel.
In Bravo v. Borden, 07-380 (La.App. 5 Cir. 12/27/07), 975 So.2d 36, this Court vacated a judgment dismissing plaintiff's lawsuit with prejudice for plaintiff's failure to appear for scheduled depositions. This Court found that there was no evidence that plaintiff was directly responsible for his repeated failure to appear, so the case was remanded for an evidentiary hearing *1191 to determine if the factors required for dismissal of plaintiff's lawsuit were met.
In the present case, there is no evidence that plaintiff's noncompliance with the June 13, 2007 consent judgment was her fault. Discovery was propounded to plaintiff through her attorney of record, and it is unclear as to whether or not plaintiff participated in violating the discovery order. Accordingly, we vacate the judgment of dismissal and order the trial court to conduct an evidentiary hearing to determine who was responsible for failing to comply with the discovery order. If plaintiff, Yolanda Black, was an innocent party, no sanctions should be imposed against her. However, if she was at fault, the trial court should impose appropriate sanctions.
Additionally, plaintiff's counsel has acknowledged that responses to discovery were not provided to State Farm until October 8, 2007. On remand, the trial court must determine whether plaintiff's counsel, Laetitia Black, was responsible for failing to comply with the discovery order/consent judgment signed by the trial judge on June 13, 2007 and, if so, appropriate sanctions against plaintiff's counsel may be ordered.

DECREE
For the reasons set forth above, we vacate the trial court's October 18, 2007 judgment dismissing plaintiff's lawsuit with prejudice. The matter is remanded to the trial court for an evidentiary hearing to determine who was responsible for failing to comply with the June 13, 2007 discovery order and for imposition of appropriate sanctions.
JUDGMENT VACATED; CASE REMANDED.