FREDERICKA HOMBERG WICKER, Judge.
12Plaintiffs appeal the trial court’s judgment dismissing their claims against defendant for failure to respond to discovery. Because we find the trial judge abused her discretion in dismissing plaintiffs’ claims, we vacate that portion of the judgment and remand this matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

This litigation arises out of a July 7, 2009 ethyl acrylate release at a chemical facility in St. Charles Parish and concerns the claims of 72 individual plaintiffs (the “Guarino plaintiffs”) represented by attorney Kevin Tucker.[1] The narrow issue presented to this Court is whether the trial judge abused her discretion in dismissing the 72 Guarino plaintiffs’ claims for failure to respond to discovery propounded by one defendant, the State of Louisiana through the Department of Environmental Quality (DEQ).
|3On January 26, 2012, DEQ filed a motion to compel discovery, alleging that interrogatories and requests for production of documents had been propounded upon plaintiffs through their attorney, Kevin Tucker, on August 18, 2011, but that plaintiffs had failed to respond to the discovery requests.[2] On March 2, 2012, the trial judge signed a Consent Judgment between the parties ordering plaintiffs to provide full and complete responses to DEQ’s discovery requests by March 12, 2012, and that “the claims of any plaintiff who fails to comply with this Consent Judgment will be dismissed with prejudice.” Both counsel for DEQ and Tucker signed the consent judgment issued by the court. The judgment does not contain plaintiffs’ individual signatures.
The record indicates that on March 9, 2012, Tucker forwarded plaintiffs’ discovery responses to counsel for DEQ.[3] However, DEQ argues that plaintiffs failed to provide full and complete responses as required by the Consent Judgment. DEQ does not dispute that Tucker, on behalf of plaintiffs, submitted documents in responses to discovery; rather, DEQ complains only that Tucker failed to provide a response to one Request for Production of Documents, which requested that each plaintiff execute and submit a medical authorization form. The Requests for Production of Documents propounded by DEQ required that plaintiffs execute the “enclosed” medical authorization form. DEQ asserts that plaintiffs submitted outdated medical authorization forms, which released plaintiffs’ medical records to their *633 counsel, Tucker, and not to counsel for DEQ.[4] On March 16, 2012, counsel for DEQ forwarded correspondence to Tucker indicating that plaintiffs’ responses were incomplete and attached medical authorization forms for plaintiffs to execute. |4In this March 16, 2012 correspondence, DEQ demanded that each of the 72 plaintiffs execute the provided forms by March 23, 2012, to avoid the filing of a motion to dismiss.
On June 8, 2012, DEQ filed a “Motion to Dismiss with Prejudice for Failure to Comply with Consent Judgment Regarding Discovery,”[5] asserting that it still had not received satisfactory discovery responses. In its motion and in this appeal, DEQ acknowledges that plaintiffs did in fact provide responses to discovery; however, DEQ complains that plaintiffs failed to provide valid executed medical authorization forms as requested in the discovery propounded upon plaintiffs. In their opposition to DEQ’s motion, plaintiffs argued their suit should not be dismissed because they did in fact provide timely discovery responses and any lack of diligence in providing full and complete responses is the fault of their counsel, not the plaintiffs individually.
On July 10, 2012, the trial judge issued a judgment granting DEQ’s motion, dismissing the 72 Guarino plaintiffs’ claims against DEQ and further assessed costs and attorney fees associated with the Motion to Compel and Motion to Dismiss against plaintiffs’ counsel. On appeal, plaintiffs allege that the trial judge abused her discretion in dismissing their claims for failure to respond to discovery where the evidence shows that the failure to respond is attributable to plaintiffs’ counsel and not the plaintiffs individually. We agree.

DISCUSSION

La. C.C.P. art. 1471(A) sets forth the sanctions a trial court may impose against a party for failure to comply with discovery orders and provides in pertinent part:
Uf a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders and a judgment granting a sanction will not be disturbed on appeal absent a clear abuse of that discretion. Coleman v. Asplundh Tree Expert Co., 01-1297 (La.App. 5 Cir. 3/26/02), 815 So.2d 268, 270; Hutchinson v. Westport Ins. Corp., 04-1592 (La.11/8/04), 886 So.2d 438, 440. Dismissal of a claim with prejudice, however, is a harsh sanction that should only be imposed in extreme circumstances and only after the litigant has been afforded the opportunity to be heard. Black v. Comfort, 08-239 (La.App. 5 Cir. 10/28/08), 996 So.2d *634 1187, 1189. In Horton v. McCary,[6] the Louisiana Supreme Court adopted from the federal courts the following four factors to consider before taking the drastic action of dismissal: 1) whether the violation was willful or resulted from an inability to comply; 2) whether less drastic sanctions would be effective; 3) whether the violations prejudiced the opposing party’s trial preparation; and 4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Dismissal of a claim with prejudice is generally reserved for those cases in which the client, as well as the attorney, is at fault in failing to respond to discovery. Allen v. Smith, 390 So.2d 1300 (La.1980). To warrant dismissal of a lawsuit for failure to respond to court-ordered discovery, “the record must show that the noncompliance was due to willfulness, bad faith, or fault of the party |fihimself, as opposed to his counsel.” Comfort, 996 So.2d at 1189. This Court has specifically held that “[i]f the record does not contain evidence of the plaintiffs fault, rather than just his counsel’s fault, in failing to comply with discovery, the trial court abuses the wide discretion afforded it by the discovery statutes if it grants dismissal of plaintiffs lawsuit.” Id. at 1190.
We find that the record in this case does not contain any evidence to indicate that plaintiffs themselves willfully refused to respond to discovery and thus we find the trial judge abused her discretion in dismissing plaintiffs’ claims. First, the record reflects that the Guarino plaintiffs did not individually sign the Consent Judgment. Furthermore, at the hearing on DEQ’s motion to dismiss, plaintiffs’ counsel admitted that he did not even attempt to have plaintiffs execute the provided medical authorization forms. Moreover, the record shows that some of the plaintiffs appeared for the hearing and that neither plaintiffs’ counsel nor the trial judge asked those plaintiffs — who were present in the courtroom — to execute the forms at that time or questioned plaintiffs regarding their failure to execute the forms. There is no evidence to show that plaintiffs individually were aware of the discovery deadline or requirements yet willfully refused to comply.[7] We find that the trial judge exceeded her discretion by imposing the ultimate sanction of dismissal with prejudice; the record before this Court is devoid of any evidence to support a finding that the failure to respond satisfactorily to discovery is due to plaintiffs’ willfulness, bad faith, or fault. Accordingly, we vacate that portion of the judgment dismissing the Guarino plaintiffs’ claims against DEQ and remand this matter to the trial court for further proceedings consistent with this opinion.
17The record, however, does support the trial court’s imposition of attorney fees and costs associated with the motion to compel and motion to dismiss against Tucker.[8] At the hearing on DEQ’s motion to dismiss, Tucker offered no valid argu *635 ment as to why he failed to provide the executed medical authorization forms or timely object to the relevance of the requested forms.[9] Accordingly, we affirm that portion of the trial court judgment imposing costs and attorney fees against Tucker.

CONCLUSION

For the reasons provided herein, we affirm that portion of the July 10, 2012 trial court judgment assessing costs and attorney fees against Tucker and vacate that portion of the judgment dismissing plaintiffs’ claims. This matter is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; REMANDED

. As a result of the toxic release, seventeen lawsuits were filed. Of those seventeen lawsuits, twelve suits involved individually joined plaintiffs (the “Mass Joinder Plaintiffs"); the trial court classified the other five suits as class action suits (the "Class Action plaintiffs”). The trial court consolidated the twelve Mass Joinder Plaintiffs’ suits. The judgment appealed from only concerns the 72 individually joined Guarino plaintiffs in their suit against DEQ.

. The record further reflects that a Rule 10.1 discovery conference took place on October 12, 2011, and on that date, plaintiffs’ counsel agreed to provide responses to discovery within thirty (30) days.

.Tucker asserts that he submitted over 900 documents in response to DEQ’s discovery requests. Those responses are not provided in the designated record before us. However, DEQ does not dispute Tucker's assertion and at the hearing on the motion to dismiss, DEQ’s counsel acknowledged that plaintiffs "did respond to discovery.”

. At the hearing on DEQ's motion to dismiss, Tucker argued that the discovery requests did not contain "enclosed” medical authorization forms as indicated.

. DEQ had filed a motion to dismiss previously on April 25, 2012, which the trial court set for hearing on May 31, 2012. However, DEQ asserts that service had not been effected upon plaintiffs’ counsel prior to the hearing date. Accordingly, the trial court reset the hearing date to June 25, 2012.

. 93-2315, pp. 10-11 (La.4/11/94), 635 So.2d 199, 203.

. At the hearing on its motion to dismiss, counsel for DEQ argued that 57 of the 72 plaintiffs had been served with DEQ’s motion to dismiss. However, counsel acknowledged that each and every plaintiff had not been served with the consent judgment or motion to dismiss.

. Tucker does not brief any assignment of error concerning this portion of the trial court judgment. Our review of the record, however, supports the trial court's assessment of costs and fees associated with the motion to compel and motion to dismiss.

. At the hearing on the motion to dismiss, Tucker asserted that 46 of the 72 Guarino plaintiffs have not asserted medical injury claims against DEQ and thus argued that the requested medical authorization forms are irrelevant to those 46 plaintiffs' claims. The record however does not reflect whether Tucker objected to the relevance of the requested forms in plaintiffs’ written discovery responses.