FREDERICKA HOMBERG WICKER^ Judge.
^Defendant, Superior Hospitality Systems, Inc. d/b/a SHS Group, Inc. (“SHS”), appeals the trial court’s denial of its Petition for Nullity, which sought to nullify the trial court’s original judgment in favor of Plaintiff, Karla Nunez. For the reasons discussed below, we find that the trial court’s original judgment in favor- of Ms. Nunez is an absolute nullity. Therefore, the trial court erred in denying SHS’s Petition for Nullity. Accordingly, we reverse the trial court’s judgment denying SHS’s Petition for Nullity.
FACTUAL AND PROCEDURAL HISTORY
This case concerns the requirements for service in a summary proceeding. On November 4, 2013, Karla Nunez commenced a summary proceeding against SHS seeking unpaid compensation, court costs, and attorney’s fees under La. R.S. 23:631 and La. R.S. 23:632.[1] Ms. Nunez’s petition *1006 alleged that SHS, her former ^employer, assigned her to work as a housekeeper in a hotel from January 7, 2018, until January 23, 2013. Ms. Nunez’s petition alleges that during this assignment, she worked at least 62 hours over a period of eight days. Ms. Nunez’s petition alleged that SHS failed to properly compensate her for her work and is therefore liable to her for unpaid wages, penalty wages, attorney’s fees, court costs, and interest.[2]
In her petition, Ms. Nunez requested service on SHS at the address listed by the Secretary of State for SHS’s registered agent for service of process. On November 19, 2013, a sheriffs deputy attempted to serve Ms. Nunez’s petition. The sheriffs return indicates that the sheriffs deputy was unable to make service on either the registered agent for service of process or on SHS itself. On December 5, 2013, Ms. Nunez filed a Motion to Reset Hearing on Petition for Payment of Compensation citing difficulties in effecting service on SHS.[3] The motion requested service on SHS through any suitable employee and prayed that the court grant a new hearing date. On December 6, 2013, the trial court granted Ms. Nunez’s request and the hearing date on Ms. Nunez’s summary proceeding was reset to January 22, 2014.
Ms. Nunez’s Motion to Reset did not include, as an exhibit or attachment, her original Petition for Payment of Compensation. Further, Ms. Nunez’s Motion to Reset did not set forth the nature of her claims against SHS. SHS was ultimately 14served with Ms. Nunez’s Motion to Reset on December 16, 2013. The sheriffs return indicated that the sheriffs deputy did not make personal service on SHS’s registered agent, but instead, “drop service [on] office worker.” The sheriffs return specifically indicates that the Motion to Reset was served on SHS, but the original Petition for Payment of Compensation was not. Ms. Nunez does not contest the fact that the petition was not served on SHS.
On January 22, 2014, Ms. Nunez appeared in First Parish Court in SHS’s absence. Ms. Nunez testified that she had previously worked for SHS as a dishwasher in a restaurant. SHS subsequently assigned her to work in a hotel in St. Tammany Parish as a housekeeper. Ms. Nunez testified that SHS told her she would be paid $12 dollars per hour for her work in this position.[4] Ms. Nunez logged her hours both at work and on a personal ledger. According to her testimony, she worked 62 hours for SHS over a period of eight days. Ms. Nunez reasoned that she was owed over $700 for her work for SHS at the hotel. According to her testimony, SHS sent her a check for her work totaling $79.75. The pay stub, which was admitted into evidence at the hearing, pur *1007 ported to be compensation for 22 hours of work. Ms. Nunez stated that she contacted SHS regarding the first paycheck and was told that the balance of the compensation due to her would be rendered on her next paycheck.
Ms. Nunez testified that she subsequently received another check from SHS for $53.00, which she refused to accept. According to Ms. Nunez, an SHS representative told her that they would “talk to the person in payroll” to determine how much compensation she was owed. Ms. Nunez subsequently received an additional paycheck in the mail from SHS for a total of $113.30. Ms. Nunez | .¡¡testified that after receiving the third check, she went to SHS’s offices to inquire about the rest of the compensation owed to her. An SHS employee told Ms. Nunez that the person in charge of payroll would call her. Ms. Nunez testified that she never received a phone call from SHS.
On February 21, 2014, the trial court entered a judgment against SHS for the full amount prayed for in Ms. Nunez’s petition. The February 21, 2014 judgment included a 90-day penalty wage, plus attorney’s fees and court costs. On April 11, 2014, Ms. Nunez filed an Ex Parte Motion for Issuance of Writ of Fieri Facias and Petition for Garnishment against SHS seeking the seizure of SHS’s property and assets in order to satisfy the February 21, 2014 judgment. Ms. Nunez also sought the service of garnishment interrogatories on SHS’s bank. After SHS received notice of the judgment, it filed a Verified Petition for Nullity and to Dissolve Writ of Fieri Facias. SHS’s Petition for Nullity was based on improper service and a lack of due process as a result of Ms. Nunez’s failure to serve SHS with her original Petition for Payment of Compensation.
On May 21, 2014, both parties appeared before the trial court for a hearing on SHS’s Petition for Nullity. The trial court ruled on SHS’s Petition for Nullity from the bench as follows:
I’m going to deny your petition for nullity. I think your client had actual notice that there was a claim. They received a Rule to Show Cause, properly served, and they didn’t bother to show up.
On June 13, 2014, the trial court rendered a final written judgment denying SHS’s Petition for Nullity. This appeal follows.
DISCUSSION
SHS’s sole assignment of error alleges that the trial court erred in denying its Petition for Nullity. SHS argues that it was deprived of due process because it was never properly served with the substantive pleading at issue in this case, Ms. IfiNunez’s petition. Therefore, SHS contends, the February 21, 2014 judgment is an absolute nullity.
Neither party disputes the essential facts with regard to Ms. Nunez’s attempt to serve SHS. Therefore, the issue of whether the trial court correctly denied SHS’s Petition for Nullity is a question of law. Questions of law are reviewed under the de novo standard of review. Caro Properties (A), L.L.C. v. City of Gretna, 08-248 (La.App. 5 Cir. 12/16/08), 3 So.3d 29, 31.[5]
*1008 First, we note that grounds for nullifying a judgment include insufficient service and lack of due process. Louisiana Code of Civil Procedure Article 2002 specifically states that a final judgment “shall be annulled if it is rendered ... against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction.” An absolute nullity based on the grounds listed in Louisiana Code of Civil Procedure Article 2002 may be asserted at any time. Louisiana jurisprudence has consistently followed the provisions of Article 2002 in holding that “a judgment rendered against a party who has not been served and who has not appeared is an absolute nullity.” Burfict v. Mafia, 07-466 (La.App. 5 Cir. 11/27/07); 973 So.2d 809, 811. Furthermore, Louisiana appellate courts have regularly held that a defendant’s actual knowledge of an action “no matter how clearly brought home to [the defendant],” cannot substitute for proper service. W & R Farming P’ship v. Old S. Props., Inc., 04-737 (La.App. 3 Cir. 11/10/04); 887 So.2d 646, 648 (citing Kimball v. Kimball, 93-1364 (La.App. 1 Cir. 5/20/94), 637 So.2d 779, 781).
Ms. Nunez’s petition initiated a summary proceeding against SHS. The Louisiana Code of Civil Procedure sets out a number of procedural requirements which apply specifically to parties in summary proceedings. With regard to service, Louisiana Code of Civil Procedure Article 2594 provides that:
Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.
(emphasis added)
Louisiana Code of Civil Procedure Article 2594 uses the mandatory “shall,” indicating that the legislature intended to require strict compliance with its requirements. In this case, the contradictory motion at issue was Ms. Nunez’s Petition for Payment of Compensation. The order of court assigning the date and hour of the trial was the trial court’s December 6, 2013 order resetting Ms. Nunez’s hearing for January 22, 2014. Therefore, the clear language of Article 2594 required that SHS be served with both the order of the court resetting the hearing date on Ms. Nunez’s Petition for Payment of Compensation and a copy of the petition itself. SHS was never served with Ms. Nunez’s Petition for Payment of Compensation, therefore Ms. Nunez did not comply with the requirements of Louisiana Code of Civil Procedure Article 2594. Because Ms. Nunez did not properly serve SHS with her petition, the trial court’s February 21, 2014 judgment against SHS is an absolute nullity pursuant to Louisiana Code of Civil Procedure Article 2002.
Ms. Nunez argues that the language of Louisiana Code of Civil Procedure article 2595 supports the trial court’s ruling. Article 2595 states that:
|RUpon reasonable notice a summary proceeding may be tried in open court or in chambers, in term or in vacation; and shall be tried by preference over *1009 ordinary proceedings, and without a jury, except as otherwise provided by law.-
According to Ms. Nunez, “[a]ll that Louisiana law requires for a court to proceed to trial on a petitioner’s claim in summary proceeding is reasonable notice.” However, it is a well-established rule of statutory interpretation that when two statutes appear to conflict with one another, the more specific statute will prevail over the more general. Burge v. State, 10-2229 (La.02/11/11); 54 So.3d 1110, 1113. In this case, Article 2594 deals specifically with the service requirements in a summary proceeding. Article 2595, on the other hand, addresses notice to parties' required before trial. Therefore, Article 2594 is the controlling statute with regard to the requirements for service in a summary proceeding. Consequently, Ms. Nunez’s argument with regard to “reasonable notice” is without merit. Therefore, we find that the trial court erred in denying SHS’s Petition for Nullity.
CONCLUSION
Based on the record before us in this case, we find that the trial court erred in denying SHS’s Petition for Nullity. Accordingly, we reverse the trial court’s June 13, 2014 judgment and enter judgment in favor of SHS, vacating the trial court’s February 21, 2014 judgment.

REVERSED

. La. R.S. 23:631 governs an employer’s obligation to pay its employees after an employee is discharged or resigns. La. R.S. 23:632 provides that:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees *1006 shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

.The record reflects that prior to filing suit, Ms. Nunez sent SHS an amicable demand letter in September 2013. Ms. Nunez’s attorney began communicating with SHS regarding her demand in July 2013.

. The Motion to Reset attached as Exhibit "A" the sheriff's return with information regarding an unsuccessful attempt to serve SHS's registered agent for service of process. The Motion also attached, as Exhibit "B," a printout from the Secretary of State's website containing information on SHS, including its mailing and domicile address in Metairie.

. Ms. Nunez testified that she was offered $7.25 per hour if she used SHS's transportation service, or $12 per hour if she drove her own car to the hotel. She ultimately decided to drive herself the 40 miles to and from the hotel on the days she worked for SHS there.

. SHS cites Belle Pass Terminal, Inc. v. John, Inc., 01-0149 (La. 10/16/01), 800 So.2d 762, 766 (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071 (La.1983)) for the proposition that appellate courts review a trial court's decision on a petition for nullity based on the trial court’s reasonableness. Both Kem Search and Belle Pass Terminal have been widely cited by Louisiana appellate courts as articulating the standard of review for a trial court's decision on a petition for nullity. See Succession of Duskin v. Mahalia Jackson Residual Family Corp. XYZ S’holders & XYZ Dirs., 14-0236 (La.App. 4 Cir. 11/19/14), 153 So.3d 567; Midland Funding LLC v. Kelly, 11-0659 (La.App. 4 Cir. 12/07/11); 81 So.3d 84, 86; Sanderford v. Mason, 12-1881 (La.App. 1 Cir. 11/01/13); *1008 135 So.3d 745, 752. However, Belle Pass Terminal involved a petition for nullity where there were allegations of fraud and ill practices. Therefore, the court in Belle Pass Terminal made factual determinations, which the appellate court reviewed for "reasonableness.” For the reasons discussed above, this case concerns a question of law. Therefore, the oft-cited standard of review elucidated by the Belle Pass Terminal court is not applicable in the case at bar.