JOHNSON, J.
Defendants/Appellants, Shamrock Construction Company, Inc. (hereinafter referred to as "Shamrock") and Walgreens *425 Louisiana Company, Inc. (hereinafter referred to as "Walgreens"), appeal a judgment from the 24th Judicial District Court, Division "F," that annulled a prior order dismissing the lawsuit of Plaintiff/Appellant, Charles Brooks, against them. For the following reasons, we affirm the trial court's judgment.
FACTS AND PROCEDURAL HISTORY
This matter originates from 24th Judicial District Court case number 717-787, which was assigned to Division "A". In that action, Charles Brooks v. Shamrock Construction Company, Inc., et al. , Mr. Brooks filed suit against Howard Pile Driving Company, Inc., Suddy's Excavating Service, L.L.C, GHK Developments, Inc., Shamrock and Walgreens for alleged damages he incurred to his apartment complex during the construction of a nearby Walgreens location. During the course of the discovery phase, Shamrock filed multiple motions to compel and for sanctions against Mr. Brooks relating to the production of propounded documents. In a judgment rendered on February 13, 2015, the trial court granted Shamrock's motions filed on October 27, 2014 and ordered Mr. Brooks to provide the outstanding documents responsive to Shamrock's request within 20 days and pay $951.30 in sanctions.
On May 13, 2015, Shamrock filed a "Motion to Dismiss and for Sanctions" against Mr. Brooks, alleging he failed to comply with the February 13th judgment and requesting dismissal of the action. The trial court granted Shamrock's motion on May 15, 2015, without conducting a contradictory hearing, and dismissed Mr. Brooks' action against any and all parties with prejudice. The trial court also ordered Mr. Brooks to pay $931.30 in sanctions to Shamrock.[1] On October 8, 2015, Shamrock sent a letter to Mr. Brooks' attorney to inform her that the action had been dismissed and it would seek additional attorney's fees and seizure of property to enforce the judgment, unless Mr. Brooks satisfied the sanctions order. Mr. Brooks' attorney replied to Shamrock's letter on October 13, 2015 and enclosed a check in the amount of $951.30.
In response to the dismissal, Mr. Brooks filed a "Motion to Vacate Order of Dismissal."[2] It was heard by the trial court on February 1, 2017 and denied on February 6, 2017. In its written reasons for judgment, the trial court detailed the delays encountered in the matter over discovery and the extensions allowed to Mr. Brooks. The court found that it did not have the discretion to vacate the May 15th order of dismissal, and Mr. Brooks could have filed a motion for new trial within seven days of receiving notice of the dismissal. However, it could not consider the motion to vacate as a motion for new trial because the delay for applying for a new trial had expired prior to the time Mr. Brooks' motion to vacate was filed.
On March 9, 2017, Mr. Brooks filed a "Petition for Absolute Nullity under C.C.P. art. 2002," which was assigned to Division "F". In the petition, Mr. Brooks alleged the May 15, 2015 order in case number 717-787 that dismissed his action against all of the parties was an absolute nullity because Shamrock failed to request proper service of its motion to dismiss; as a result, he was never served with Shamrock's motion *426 and was completely unaware that the motion had been filed. He also alleged that the May 15th order was an absolute nullity because Shamrock failed to request a contradictory hearing on its motion to dismiss, which was a violation of his due process rights. Mr. Brooks argued that-in addition to the lack of service and a contradictory hearing-the order of dismissal was rendered in error because it dismissed all five of the listed defendants from the action on Shamrock's motion, even though Shamrock did not represent the other four defendants. He further argued the order was erroneously rendered because he complied fully with the trial court's February 13, 2015 discovery order and supplied the outstanding discovery to Shamrock, despite Shamrock's assertion that he failed to do so.
In their "Answer to 'Petition for Absolute Nullity under C.C.P. art. 2002,' " Defendants, Shamrock and Walgreens, asserted that Mr. Brooks was present in the Parish where the order was rendered and did not attempt to enjoin its enforcement. Defendants claimed that they were not required to set the motion to dismiss for hearing, and they timely mailed a copy of the motion to dismiss to Mr. Brooks' attorney. They also asserted that Mr. Brooks voluntarily acquiesced in the ruling when he delivered payment of the sanction to Shamrock. Thus, Defendants contended Mr. Brooks could not annul the May 15, 2015 order on any of the grounds enumerated in La. C.C.P. art. 2002.
A trial on Mr. Brooks' petition was held January 30, 2018. In its oral reasons for judgment, the trial court found that a motion to dismiss on a discovery issue required a contradictory hearing, and Mr. Brooks was not served in compliance with La. C.C.P. arts. 1313 or 1314 in case number 717-787. Additionally, because there were two orders for sanctions entered in the amount of $951.30, the trial court found that Mr. Brooks did not acquiesce to the dismissal order by delivering a payment in that amount to Shamrock. The court reasoned that the payment of one sanction did not satisfy the other sanction. In a written judgment dated January 30, 2018, the trial court found that the order rendered on May 15, 2015, in Division "A," should have been annulled in accordance with La. C.C.P. art. 2001, et seq. , vacated the May 15th order, and taxed all court costs against Shamrock and Walgreens. Defendants filed the instant appeal of the January 30th judgment.
ASSIGNMENTS OF ERROR
On appeal, Defendants allege the trial court erred in: 1) granting Mr. Brooks' "Petition for Absolute Nullity under C.C.P. Art. 2002," when the facts alleged in the petition did not implicate one of the exclusive vices of form listed in La. C.C.P. art. 2002 ; 2) concluding that the trial judge in the underlying matter was required to conduct a contradictory hearing before dismissing Mr. Brooks' case; and 3) concluding that Mr. Brooks did not voluntarily acquiesce in the May 15, 2015 order of dismissal by paying the sanctions awarded and subsequently failing to move for a new trial, appeal, or collaterally attack the order for more than 13 months.
LAW AND ANALYSIS
Grounds for absolute nullity and necessity of a contradictory hearing[3]
Defendants allege the trial court erred in finding that Mr. Brooks asserted a valid claim for absolute nullity under La. C.C.P. art 2002 in his petition for nullity. They argue that Mr. Brooks' petition did *427 not contest the order of dismissal on jurisdictional grounds but, instead, contested the order for vice of form. They contend that the failure of service of Shamrock's motion to dismiss on Mr. Brooks was not a vice of form for the May 15, 2015 order of dismissal, as contemplated by La. C.C.P. art. 2002, and the petition failed to state a proper ground for absolute nullity. Instead, Defendants maintain that Mr. Brooks' petition was more closely aligned with an action for relative nullity under La. C.C.P. art. 2004 -which has a one-year prescriptive period-and Mr. Brooks' petition for relative nullity was untimely filed. Defendants further argue that the proper mechanisms for Mr. Brooks to contest the May 15th order were to file a motion for new trial or appeal the order of dismissal because the ruling was allegedly contrary to the law, not file an action for nullity nearly 13 months after the order was properly issued.
Defendants further alleged the trial court erred in concluding Mr. Brooks was entitled to contradictory hearing prior to the dismissal of his lawsuit. They argue that an ex parte dismissal of Mr. Brooks' action without a hearing was proper because Shamrock was clearly entitled to the dismissal. They assert that Mr. Brooks had a repeated pattern of willfully refusing to adequately and timely respond to discovery requests propounded on him, and that the trial judge warned him that the lawsuit would be dismissed if he failed to comply with the third discovery order. Because Mr. Brooks failed to comply with the discovery order within the time permitted, Defendants further contend that the trial judge had the broad discretion in sanctioning Mr. Brooks with dismissal of his lawsuit without conducting another contradictory hearing due to Mr. Brooks' repeated pattern of violating the discovery orders.
In opposition, Mr. Brooks avers the trial court in the instant matter properly vacated the May 15th order of dismissal because it was an absolute nullity. Mr. Brooks asserts that he suffered extreme prejudice and was deprived of the opportunity to oppose false statements, as a result of Shamrock's improper actions of failing to serve its motion and failing to set it for a contradictory hearing. He contends that Shamrock's motion to dismiss required service and a contradictory hearing. Consequently, he maintains that Shamrock's actions amounted to a violation of his constitutional due process and violated multiple Rules of Civil Procedure and Uniform Rules of Court.
Whether a trial court properly granted or denied a petition for nullity is a question of law, and questions of law are reviewed under the de novo standard of review. Nunez v. Superior Hospitality Systems, Inc. , 14-668 (La. App. 5 Cir. 12/23/14), 166 So.3d 1004, 1007. According to La. C.C.P. art. 2002, a final judgment shall be annulled if it is rendered: 1) against an incompetent person not represented as required by law; 2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken; or 3) by a court which does not have jurisdiction over the subject matter of the suit. With the exceptions of when a defendant voluntarily acquiesces in the judgment or was present in the parish at the time of the judgment's execution and did not attempt to enjoin its enforcement, an action to annul a judgment on the grounds listed in La. C.C.P. art. 2002 may be brought at any time. Id. Grounds for nullifying a judgment include insufficient service and lack of due process. Nunez , 166 So.3d at 1008. La. C.C.P. art. 2002 has been interpreted to also provide *428 for a nullity action by a defendant-in-rule. Dixon v. Champagne , 12-308 (La. App. 1 Cir. 2/25/13), 2013 WL 692539 (unpublished opinion).
In the matter before us, Mr. Brooks sought to annul an ex parte order of dismissal in case number 717-787 in favor of Defendants. Shamrock's motion to dismiss was not served on Mr. Brooks or his counsel via certified mail, registered mail, commercial carrier, or by a sheriff. The dismissal of Mr. Brooks' action was imposed by the trial court as a discovery sanction, pursuant to La. C.C.P. art. 1471(A)(3),[4] for failing to comply with the February 13, 2015 order to provide outstanding documents responsive to Shamrock's requests. Prior to the filing of Shamrock's motion, Mr. Brooks provided documentation to Shamrock responsive to the trial court's order.
Pursuant to La. C.C.P. art. 1312,
Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.
No service on the adverse party need be made of a motion or petition for an appeal, of a petition for the examination of a judgment debtor, of a petition for the issuance of garnishment interrogatories in the execution of a final judgment, or of any pleading not required by law to be in writing.
(Emphasis added).
Furthermore, La. C.C.P. art. 963 provides, in pertinent part, "If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. The rule to show cause is a contradictory motion." When a motion requires supporting proof to demonstrate noncompliance with an order, an ex parte judgment granting the motion is erroneous. See , Succession of Miller , 432 So.2d 1043, 1046 (La. App. 1 Cir. 1983).
Here, because Mr. Brooks produced documentation responsive to the trial court's order, Shamrock's motion to dismiss required supporting proof that Mr. Brooks did not comply with the February 13th order and a judicial determination of the sufficiency of Mr. Brooks' compliance with the order. Essentially, Shamrock was not clearly entitled to dismissal of Mr. Brooks' action, and the motion to dismiss was required to be served on Mr. Brooks and tried contradictorily. Because Shamrock's motion required the setting of a court date for a contradictory hearing, we find that Shamrock failed to comply with La. C.C.P. art. 1313(C) by only mailing its motion to dismiss to Mr. Brooks' counsel through regular mail.
Furthermore, we find that Shamrock's motion to dismiss failed to request a contradictory hearing be set by the trial court. Since Shamrock's motion was granted ex parte , Shamrock was not required by the trial court to prove its entitlement to dismissal, and Mr. Brooks was deprived of the opportunity to present evidence in defense of the motion. Dismissal of a claim with prejudice is a harsh sanction that should only be imposed in extreme circumstances and only after the litigant has been afforded the opportunity to be heard. Dufour v. Dow Chemical Co. , 12-912 (La. App. 5 Cir. 5/23/13), 119 So.3d 630, 633-34, citing Black v. Comfort , 08-239 (La. App. 5 Cir. 10/28/08), 996 So.2d 1187, 1189.
*429 Accordingly, because Shamrock failed to serve its motion to dismiss and request a contradictory hearing, we find that the motion had insufficient service, and Mr. Brooks was deprived of his due process rights. Therefore, upon de novo review, we find that the ex parte May 15, 2015 order in case number 717-787 was an absolute nullity. Additionally, because an action to annul an absolutely null judgment can be brought at any time, we find that Mr. Brooks' petition for absolute nullity was timely filed and stated a valid ground for an absolute nullity.
Voluntary acquiescence
Defendants alleged the trial court erred in concluding that Mr. Brooks did not voluntarily acquiesce in the May 15, 2015 order of dismissal. They contend the facts of the matter establish Mr. Brooks clearly acquiesced in the May 15th order by paying the sanctions awarded.
Mr. Brooks argues that he made one payment of $951.30, which was payment of the sanctions ordered at the February 2, 2015 hearing on Shamrock's motion to compel. He maintains there is no evidence in the record to support there was an additional $951.30 payment, as ordered in the dismissal on May 15th. As such, he contends that he has in no way acquiesced to the order dismissing his entire case.
As previously mentioned, a defendant who voluntarily acquiesced in a judgment may not annul that judgment on any of the grounds enumerated in La. C.C.P. art. 2002. La. C.C.P. art. 2003.
At the trial on Mr. Brooks' petition for nullity, the trial court found that Mr. Brooks did not acquiesce in the May 15, 2015 judgment. It was orally reasoned that two orders of sanctions were entered by the court in case number 717-787, and the payment of one did not satisfy the other. The trial judge ultimately made a factual finding that the $951.30 payment was not made in reference to the May 15th order. After review of the record, we cannot find that the trial court's finding was manifestly erroneous.
DECREE
For the foregoing reasons, upon de novo review, we find that the ex parte May 15, 2015 order of dismissal in case number 717-787 was an absolute nullity. Accordingly, we affirm the trial court's January 30, 2018 judgment that vacated the May 15, 2015 order. Defendants are assessed the costs of this appeal.
AFFIRMED

The Clerk of Court for the 24th Judicial District Court did not officially mail notice of dismissal to Mr. Brooks until March 3, 2016, over ten months after the order was signed.

A copy of the motion is not included in the record before us. Therefore, the date it was filed by Mr. Brooks cannot be ascertained.

Assignments of error one and two are interrelated and will be jointly discussed.

La. C.C.P. art. 1471(A)(3) provides that a court may dismiss an action or proceeding or any part thereof for a party's failure to obey an order to provide or permit discovery.