NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-576

HIDDEN GROVE, LLC

VERSUS

RICHARD BRAUNS AND LESLIE BRAUNS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Jonathan W. Perry, Judges.

REVERSED AND REMANDED.

**Gerald Charles deLaunay**
**Perrin Landry deLaunay**
**Post Office Box 53597**
**Lafayette, Louisiana  70505**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hidden Grove, LLC**
    **Jeffrey Mark Gossen**
    **Gerald Millard Gossen, Jr.**

**Patrick J. Briney**
**Michael Patrick Corry**
**Kathryn T. Love**
**Brandon M. Verret**
**Briney Foret Corry**
**Post Office Drawer 51367**
**Lafayette, Louisiana  70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Richard Brauns**
    **Leslie Brauns**

**James Lawrence Bullen**
**Bullen & Plauche**
**130 South Audubon Boulevard,  Suite 102**
**Lafayette, Louisiana  70503**
**(337) 237-5900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Richard Brauns**
    **Leslie Brauns**

**CONERY, Judge.**

Plaintiff questions the trial court's entry of summary judgment in favor of Defendants over its objection regarding whether it received adequate notice of the hearing as required by the Louisiana Code of Civil Procedure. Plaintiff also alleges error in the ruling of the trial court granting summary judgment against Plaintiff. Finding merit in Plaintiff's argument regarding notice, we reverse the trial court's ruling and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Hidden Grove, LLC, is the developer of a Lafayette, Louisiana subdivision in which Defendants, Leslie and Richard Brauns (hereinafter the Brauns), purchased a home located on Lot 14 on August 30, 2011. Interested in expanding their home and constructing a swimming pool, the Brauns purchased the adjoining lot, Lot 15, on August 31, 2011. They also acquired a right of first refusal on Lots 16 and 17.

The Brauns had concerns regarding the higher elevation of Lots 16 and 17,[1] and Hidden Grove granted them permission to lower the elevation of those lots. The parties, however, dispute whether that permission was conditioned on the requirement that the Brauns construct a retaining wall along the property line of Lots 16 and 17. There is nothing in the record, however, to show that purported condition was reduced to writing.

The present conflict arose after the Brauns removed the soil from Lots 16 and 17 following approval of their engineering proposal by Hidden Grove, but refused its demand to build the retaining wall. Hidden Grove filed a Petition for Specific

---

[1] The Brauns expressed concern that the higher elevation of Lots 16 and 17 would pose a privacy concern due to the lower elevation of Lot 15.

Performance and Damages against the Brauns in September 2013, seeking to force the Brauns to construct the retaining wall. It alternatively sought damages associated with the Brauns' removal of the soil from the property it still owned. By amended petition, Hidden Grove added a claim of unjust enrichment for the value of removed soil and/or an increase in the value of Lot 15.

The Brauns denied discussing construction of an additional retention wall[2] and, by third party demand, named Hidden Grove, LLC, Jeffrey Mark Gossen, and Gerald Millard Gossen as defendants due to their actions as the Architectural Control Committee for the subdivision. They also sought damages for abuse of rights and intentional infliction of emotional distress associated with allegedly defamatory comments made during the course of this conflict.

On April 11, 2018, Hidden Grove and the Gossens filed a motion for partial summary judgment (the Hidden Grove motion) seeking a dismissal of the defamation-related claims.[3] The hearing on the Hidden Grove motion was set for June 25, 2018.

A week later, on April 18, 2018, the Brauns filed their own motion for summary judgment (the Brauns' motion) seeking dismissal of Hidden Grove's breach of contract claim as well as its alternative tort claims. The Brauns contended that because Hidden Grove alleged an interest in an immovable, any agreement regarding the construction of a retaining wall was required to be in writing. As Hidden Grove could not produce a written agreement, the Brauns asserted that the

---

[2] Although the Brauns sought damages associated with the excavation, that reconventional demand was dismissed by summary judgment. That ruling was affirmed on appeal. *See Hidden Grove, LLC v. Brauns*, 17-250 (La.App. 3 Cir. 11/2/17), 261 So.3d 120.

[3] The third party demand is not pertinent to the matter under review. The motion for summary judgment regarding that demand is discussed here only as pertinent to the timeline of the setting of the hearing on the Brauns' motion for summary judgment.

contract claim must be dismissed. The hearing on the Brauns' motion was initially set for **July 23, 2018**. As explained in more detail below, Hidden Grove was served with notice of the July 23, 2018 hearing date by Sheriff's service at the office of its attorney, Gerald deLaunay, on April 23, 2018.

However, the June 25, 2018 and July 23, 2018 hearing dates on the respective motions for summary judgment were clearly in conflict with the June 26, 2018 fixing for trial on the merits. The June 25, 2018 hearing date was not in keeping with the requirement of La.Code Civ.P. art. 966(C)(1)(a) that a contradictory hearing on a motion for summary judgment "shall be set … not less than thirty days prior to the trial date[,]" and the July 23, 2018 motion was set for almost a month after the trial.

Mr. deLaunay, representing Hidden Grove, and Mr. Briney, representing the Brauns, agreed to a Joint Motion to Continue on April 20, 2018. The Motion to Continue, which Mr. Briney signed on Mr. deLaunay's behalf with his permission,[4] referenced the scheduling requirements of La.Code Civ.P. art. 966(C). The body of the motion represented that "the parties to this action jointly move to continue the trial to September 4, 2018, or alternatively October 29, 2018, and to have both motions for summary judgment heard on June 25, 2018." On the same date as filing, the trial court signed the order drafted by Mr. Briney resetting the motions and the trial. The clerk of court's service notation indicates that "a certified copy of this … order has been mailed … [to] all parties" on May 11, 2018.

At the commencement of the June 25, 2018 hearing on both motions for summary judgment, Hidden Grove filed a motion to continue the hearing date on the

---

[4] Mr. deLaunay was out of town and authorized Mr. Briney to sign the motion to continue the trial date on his behalf. Mr. deLaunay, however, contends that he did not agree to waive notice or set the hearing date on the motion for June 25, 2018.

Brauns' summary judgment motion. Mr. deLaunay explained that Hidden Grove had not filed an opposition to the motion as it believed that the motion would be heard on July 23, 2018, per the official notice he had previously received. He noted that Hidden Grove was served by the sheriff of the **July 23, 2018** hearing as required by La.Code Civ.P. arts. 966 and 1313. He asserted, however, that, although the clerk's file indicated that it issued a second notice of hearing that the Brauns' motion for summary judgment would be heard on **June 25, 2018**, a review of his files revealed no record of receipt of that notice. He pointedly stated that "the clerk's file does not show service as required by La. CCP art. 966C(1)(b)."

In his memorandum in support of the motion to continue, Mr. deLaunay explained that he had only become aware of the June 25, 2018 hearing on the motion after reviewing an email from opposing counsel with a timeline showing that Hidden Grove had not filed an opposition to the Brauns' motion for summary judgment. Mr. deLaunay explained that he "was under the impression that a hearing on the [Brauns'] motion would be held on **July 23, 2018** in accordance with the order and notice served by the sheriff on Plaintiffs." Returning to the service requirements of La.Code Civ.P. arts. 966(C)(1)(b), 1313, and 1314, Mr. deLaunay asserted that Hidden Grove had not received appropriate notice of the **June 25, 2018** hearing and, therefore, a continuance that would afford him an opportunity to file an opposition was appropriate.

The following day, and prior to the hearing on the motions for summary judgment, the trial court considered Hidden Grove's motion for continuance. Mr. deLaunay again referenced what he believed to be a failure in the service requirements. He acknowledged that the wording of the "joint motion" to continue included a request to move the trial date and to set both motions for summary

4

judgment on June 25, 2018. However, he asserted that his understanding of the agreement giving opposing counsel his permission to sign the motion for continuance pertained only to the continuance of the trial, not the resetting of the hearing date of the Brauns' motion for summary judgment, which he believed to be set for July 23, 2018, per the previous notice he had received.

The trial court rejected that argument, finding that Mr. deLaunay should have read and reviewed the April 20, 2018 joint motion to continue signed with his permission by opposing counsel. At least, he was required to inquire further as to the re-fixing of the hearing on the motion for summary judgment on his return to his office after giving that permission. The trial court therefore denied Hidden Grove's motion to continue the hearing on the Brauns' motion for summary judgment. On the merits of that motion, the trial court dismissed Hidden Grove's claims, in part due to the lack of a written agreement regarding the construction of a retention wall.

Hidden Grove appeals,[5] assigning the following as error:

1. The Trial Court erred in not granting the motion to continue the hearing on the Braunses' Motion for Summary Judgment.

2. The Trial Court erred by failing to recognize and enforce the mandatory requirements for service of notice for hearing on a motion for summary judgment.

3. The Trial Court erred in holding that the agreement to excavate lots 16 and 17, and/or the agreement to build a retaining wall had to be in writing.

---

[5] This court dismissed Hidden Grove's initial appeal following determination that the trial court's judgment did not constitute a final appealable judgment due to lack of appropriate decretal language. *See Hidden Grove, L.L.C. v. Brauns*, 19-129 (La.App. 3 Cir. 4/10/19) (an unpublished opinion) (2019 WL 1549591). The panel remanded the case for preparation of an amended final judgment in that regard. *Id.* The trial court issued the amended judgment on May 2, 2019. Hidden Grove appeals that amended judgment.

*Motion to Continue*

Hidden Grove addresses its first two assignments collectively, asserting that the trial court abused its discretion in denying its motion to continue the June 25, 2018 hearing on the Brauns' motion for summary judgment. It pointedly asserts that the continuance was required as it did not receive notice of the hearing pursuant to the requirements of La.Code Civ.P. arts. 966, 1313, and 1314, and that it did not agree to waive those requirements. Hidden Grove contends that the absence of proper and legal notice resulted in its failure to file a timely opposition to the motion.

Hidden Grove also points out that the trial court denied Hidden Grove's motion to continue the hearing on the motion for summary judgment despite the fact that a judgment rendered without the required service is an absolute nullity. *See* La.Code Civ.P. art. 2002(A)(2). *See also Hill v. Lopez*, 05-182 (La.App. 1 Cir. 2/22/06), 929 So.2d 80. Even actual knowledge of an action will not substitute for proper service. *Nunez v. Superior Hospitality Sys., Inc.*, 14-668 (La.App. 5 Cir. 12/23/14), 166 So.3d 1004.

Louisiana Code of Civil Procedure Article 966 provides, in pertinent part, that:

> C. (1) *Unless otherwise agreed to by all of the parties and the court*:
>
> . . . .
>
> (b) Notice of the hearing *date shall be served on all parties in accordance with Article 1313(C) or 1314* not less than thirty days prior to the hearing.

(Emphasis added.)

Addressing "Service by mail, delivery, or electronic means," La.Code Civ.P. art. 1313(C) instructs that "if a pleading or order sets a court date, then service *shall*

*be made either by registered or certified mail* or as provided in Article 1314, or by actual delivery by a commercial courier." (Emphasis added.) In this case, the order set the hearing date on the Brauns' motion for June 25, 2018. Thus, service was required to be effectuated either by registered or certified mail or by sheriff's service as described in Article 1314.[6]

It is unquestioned that notice of the June 25, 2018 hearing date was not served by registered or certified mail, nor was it served by the sheriff. As detailed both above and below, the clerk's office had record only of notice being "mailed."

In response to Hidden Grove's contention that the notice requirements were not met, the Brauns focus on the "flexibility" offered by La.Code Civ.P. art. 966(C) to the extent it allows the parties to agree to terms of service outside of the Article's requirements. They assert in their appellees' brief that "[t]he evidence in the record undisputedly establishes there was an agreement between the parties and the Trial Court that the hearings would take place on June 25, 2018, and notice of hearing was not required to be served as otherwise required by [La.Code Civ.P. art. 966(C)(1)]." In fact, it notes that its own opposition to Hidden Grove's earlier motion for summary judgment was stricken due to the mandatory filing deadlines of Article 966.

---

[6] Louisiana Code of Civil Procedure Article 1314 indicates:

> A.      A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
> (1)      Service on the adverse party in any manner permitted under Articles 1231 and 1266.
> (2)(a)  Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
> . . . .
> B.      Personal service on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record shall constitute valid service under Paragraph A or this Article.

Brauns thus suggest that "Hidden Grove has no reason to complain about the hearing on the Brauns' motion going forward on a date it agreed to and for which its counsel had notice pursuant to the clerk's mailing of the order granting the joint continuance and fixing both motions for hearing on the same date."

The record, however, contains no documentation that Hidden Grove specifically "agreed" to forego the pertinent notice formalities so as to invoke the flexibility of the notice requirement of La.Code Civ.P. art. 966(C). On Mr. deLaunay's protest that he had not agreed to accept service in that matter, the trial court responded: "Maybe the reason why you don't have a record of that is because you don't have record of what you agreed to, back on April 20 … And that's not my fault, and you're not going to hold up my docket because things are not put together in your office." The trial judge's reasoning erroneously placed the burden on Mr. deLaunay to prove that he *did not* agree to waive formal service rather than a reliance on positive evidence of such a waiver.

Further, to the extent the Brauns and the trial court equate any agreement *to continue the hearing date* with an agreement to waive the formalities of notice, counsel for Hidden Grove vigorously contests that he agreed to a hearing date of June 25 or a waiver of notice. Rather, he asserts that he agreed only to continue the trial date. He also had received notice that the summary judgment hearing was fixed for July 23, 2018. The potential for confusion on this point is apparent by reference to the pertinent timeline, which reveals a series of communications in and around April 20, 2018.

First, the record indicates that the clerk issued a notice on April 20, 2018, setting the Brauns' motion for summary judgment as follows:

**By Virtue of** an order from the Honorable Court, FIFTEENTH JUDICIAL DISTRICT COURT in and for the Parish of Lafayette, State of Louisiana of date April 19, 2018, you are hereby ordered to appear in Open Court on **July 23, 2018**, at **10:00 AM**, in order to show cause why you should not comply with the attached order.

**WITNESS THE HONORABLE**, Judges of the said Court, at Lafayette Parish, Louisiana, this APRIL 20, 2018.

The Brauns' Motion for Summary Judgment and related order were attached thereto. The order again indicated that "Plaintiff, Hidden Grove, appear and show cause on the **23 of July, 2018 at 10:00 am** why the Brauns's Motion for Summary Judgment should not be granted as prayed for." The Sheriff's Return completed on the motion indicates that personal service was made on Mr. deLaunay's office on April 23, 2018.

**That date of sheriff's service was subsequent to the filing of the "joint motion to continue" filed by the parties on April 20, 2018**.  As recognized by the trial court, however, the resulting order on the motion filed by the Brauns' counsel on that date does, in fact, list the re-fixed hearing dates for the hearing and the trial as follows:

> Considering the foregoing Joint Motion to Continue and Reset Trial[7] date the Court hereby continues the trial of this matter presently set for **June 26, 2018**, and resets the trial for September 4, 2018 or alternatively October 29, 2018. *The Motions for Summary Judgment filed by the parties shall be heard on June 25, 2018.*

(Second emphasis added.)  The order further includes only the clerk of court's certification "that a certified copy of this … order has been mailed" on all parties this 11 day of May, 2018."  The certification includes a "cc:" of both Mr. deLaunay

---

[7] The pleading is entitled only "Joint Motion to Continue."

and Mr. Briney.  This certification is legally deficient as it indicates only that the order was "mailed" rather than sent by "certified mail."[8]

Given the circumstances of the sheriff's service as to the July 23, 2018 fixing, Mr. deLaunay explained at the hearing that it was his "belief" that the hearing on the Brauns' motion for summary judgment was "going to be heard on the 23rd."  He further related that "there was an agreement with Mr. Briney that we would continue *the trial date*."  (Emphasis added.)  Mr. deLaunay explained that:  "I told Mr. Briney he could sign my name to the motion to continue the trial date, and he did.  I did not understand that his motion would also include language to change the hearing dates of the defendant's motion for summary judgment."[9]

On questioning by the trial court, Mr. deLaunay acknowledged that he received a copy of the joint motion to continue but **observed that the cover letter referenced the joint motion to continue and reset *the trial***.  He stated that he did not "look any further."  The trial court, however, pointed out that the body of the motion indicated that the parties jointly moved to continue the trial to September 4, 2018, or alternatively October 29, 2019, and to continue both motions for summary judgment to be heard on **June 25, 2018**.

The record is clear that Mr. deLaunay agreed to continue the trial.  It is not clear that he also agreed to set the hearing date on the Brauns' motion for summary judgment on June 25, 2018.  In fact, he squarely denied as much before the trial court

---

[8] Further, the minute clerk informed the trial court at the hearing that the Clerk's office had a record of the related notice having been "Mailed May 7, 2018, reset for June 25."  A Notice of the Hearing Date of Suit addressed to Mr. Briney, with a copy to Mr. deLaunay, is included in the record and is dated May 7, 2018.

[9] Mr. deLaunay responded that he wanted to be "clear" that he did not "suggest that Mr. Briney did anything wrong or he put anything in there that - - that was - - or he didn't understand.  But I did not have an understanding."

and submitted as evidence the April 20, 2018 correspondence from Mr. Briney to Mr. deLaunay indicating that: "Richard [Brauns], reluctantly agreed *to continue the trial*. Let's prepare a joint motion. Since you are leaving do you want me to do so and if so can I sign your name?" (Emphasis added.) The resulting formal April 20, 2018 correspondence from Mr. Briney to the clerk of court, to which both the trial court and Mr. deLaunay were copied by email, indicates that:

> Enclosed please find an original and (1) copy of the granted Joint Motion to *Motion to Continue and Reset Trial* to be filed in the above captioned matter. Our check in the amount of $25.00 is enclosed for filing costs.
>
> Please return one copy of the pleadings to this office with the date of filing stamped on same for completion of my file.
>
> By copy of this correspondence, a copy of the enclosed is being forwarded to all counsel of record.

(Emphasis added.)

Given the absolute lack of evidence regarding the waiver of notice and the uncertainty regarding the parameters of the parties' April 20, 2018 agreement to refix the hearing on the motion for summary judgment for June 25, 2018, we find that the trial court abused its discretion in rejecting Hidden Grove's request for continuance of the summary judgment hearing. While the trial court observed that Mr. deLaunay should have more readily identified the inclusion of the motion for summary judgment hearing in the joint motion for continuance, that does not negate the surrounding evidence suggesting that the parties did not have a meeting of the minds on that point from the beginning. Moving forward with the summary judgment hearing in the face of such lack of clarity was an abuse of discretion and in direct contravention of the mandatory notice requirements of La.Code Civ.P. arts. 966, 1313, and 1314. Accordingly, we find it necessary to reverse the entry of

11

summary judgment in favor of the Brauns and to remand for further proceedings. All deadlines to file opposition to the Brauns' motion are extended in accordance with the delays provided by law. This determination pretermits consideration of the parties' respective arguments on the merits of that motion.

## CONCLUSION

For the foregoing reasons, the Amended Judgment of May 2, 2019 granting the Motion for Summary Judgment filed by Defendants/Appellees, Richard and Leslie Brauns, is reversed. This matter is remanded for further proceedings.

**REVERSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3